[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RESPONDENT'S MOTION TO DISMISS
The petitioner is presently incarcerated in Wallens Ridge State Prison in Big Stone Gap, Virginia, having been transferred thereto from a Connecticut prison per order of the respondent. Petitioner claims that the Interstate Corrections Compact (ICC) provides that a transferred inmate may not be deprived of any legal rights which said inmate would have had if confined in Connecticut which is the "sending" state. He alleges that he did not have a hearing prior to being sent to Virginia. He is correct that he is entitled in Virginia to the same rights to which he is entitled in Connecticut. However, there is no such right to a hearing in Connecticut. Vincenzo v. Warden, 26 Conn. App. 132, 143
(1991), cites Nash v. Reincke, 156 Conn. 339, 346-47 (1968), "where our Supreme Court held that intrastate transfer of an inmate from one prison to another does not constitute illegal detention so as to warrant release." Further, the United States Supreme Court in Olim v. Wakinekona,461 U.S. 238 (1983) clearly states that the transfer of a prisoner from one state to another does not deprive him of any liberty interest protected by the Due Process Clause in and of itself. Olim states as CT Page 6485 follows, inter alia:
 "Confinement in another state unlike confinement in a mental institution is `within the normal limits or range of custody which the conviction has authorized the state to impose' Meachum, 427 U.S., at 225. n8 Even when, as here, the transfer involves long distances and an ocean crossing, the confinement remains within constitutional limits. The difference between such a transfer and an intrastate or interstate transfer of [*248] shorter [**1747] distance is a matter of degree, not of kind, n9 and Meachum instructs that `the determining factor is the nature of the interest involved rather than its weight.' 427 U.S., at 224. The reasoning of Meachum
and Montanye compels the conclusion that an interstate prison transfer, including one from Hawaii to California, does not deprive an inmate of any liberty interest protected by the Due Process Clause in an of itself."
Olim, 461 U.S. at 247-248, 103 S.Ct. at 1746-47.
In Olim, there was a transfer of a prisoner from a state orison in Hawaii to one in California, which is obviously a greater distance than from Connecticut to Virginia. There are no state prison regulations in Connecticut requiring a hearing before transfer to another prison in Connecticut; Vincenzo, supra. Olim also holds that even if state prison regulations require a particular kind of hearing before the prison administrator can exercise his unfettered discretion to transfer a prisoner, that does not create a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. Olim goes on to say "an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself. Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State so as to implicate the Due Process Clause directly when an intrastate prison transfer is made . . ., he has no justifiable expectation that he will be incarcerated in any particular State."
Further, it is well settled law that prisoners have no constitutionally protected interest or federally protected right in their classification. In Pugliese v. Nelson, 617 F.2d 916, 925 (2d Cir. 1980), the Second Circuit Court of Appeals which covers Connecticut rejected the claim that classification decisions are protected by due process. CT Page 6486
The petitioner has no right to a hearing in Connecticut when being transferred from facility to facility. Accordingly, his transfer to Virginia does not give rise to either a constitutional claim or a habeas claim for a hearing.[1]
The respondent's Motion to Dismiss this petition for lack of jurisdiction is granted under the provision of C.P.B Paragraph 23-29 (1) and under C.P.B. Section 23-29(2) on the basis that the petition fails to state a claim upon which habeas corpus relief can be granted.
The Motion to Dismiss by the Respondent is hereby granted.
Rittenband, JTR